**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| Hugh Turbeville, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 4:03-3452 |
| | ) | |
| vs. | ) | |
| | ) | |
| Neil Livingston, et al | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On October 31, 2003, the plaintiff commenced this pro se action pursuant to 42 U.S.C. §§1983, 1985, 1986, and 1987. In addition, the plaintiff raises a tort claim of fraud. On April 20, 2005, Magistrate Judge Bristow Marchant issued a report analyzing the issues and recommending that the Court dismiss this action. Attached to the report and recommendation was a "Notice of Right to File Objections." Pursuant to that Notice, the parties were provided ten days during which to file written objections to the report and recommendation and were informed of the consequences resulting from a failure to do so. See 28 U.S.C. § 636(b)(1)(C).

On May 6, 2005, the plaintiff filed a motion requesting a thirty day extension of time to file objections. On May 16, 2005, the Court granted the plaintiff thirty days from the date of the order to file objections. To date, however, no objections have been filed.[1] The Court therefore reviews the report and recommendation to ensure there is no clear error on the face of the record. Diamond v. Colonial Life & Accident Ins. Co., 2005 WL 1713188, *3 (4th Cir. 2005); see also Fed. R. Civ. P. 72.

---

[1] On July 11 and again on July 29, 2005, the plaintiff filed letters claiming that he has appealed the report and recommendation but the appeal was lost in the mail. The plaintiff, however, has successfully filed two letters with the Clerk and the Court does not find his explanation for failing to object to the report and recommendation convincing.

Facts

In 1997, the plaintiff was incarcerated following a conviction for possession of stolen goods.  Four years later, the South Carolina Court of Appeals overturned the conviction finding the state had not shown the plaintiff knew he had received stolen goods.  The plaintiff was released in October 2001.  The plaintiff claims the defendants conspired to falsely arrest him, conspired to deny him due process, maliciously prosecuted him, seized property which they never returned to him, and while incarcerated, forced him to work without pay.[2]  The plaintiff brings this action against Neil Livingston (the officer who arrested him), Ralph Wilson and Corey Sanders (the solicitors who prosecuted him), Judge Sidney Floyd (the Judge who presided over his criminal action), Barbara Pratt (his court attorney), Gary Maynard and Doug Catoe (officials with the department of corrections), Henry B. Smythe (the president of the South Carolina Bar from 1997-1998), Charlie Condon (the Attorney General of South Carolina), and Jim Hodges (Governor of South Carolina).[3]  The plaintiff seeks compensatory and punitive damages.

Magistrate Judge Marchant correctly recommends dismissing the plaintiff's claims against the remaining defendants for the plaintiff's failure to state a claim upon which relief may

---

[2] The plaintiff alleges in his complaint that the defendants seized $70,000.00 but does not identify the property seized.  In a subsequent objection, the plaintiff identifies the property as four-wheelers and a lull.  A lull is a piece of equipment that can be used to lift heavy objects.  The plaintiff was charged with possession of stolen property.   The plaintiff was selling the four-wheelers out of a storage unit.  The serial numbers on these four-wheelers matched serial numbers on four-wheelers that had been stolen from a four-wheeler dealership.  The state used the four-wheelers and the lull as evidence against the plaintiff at his criminal prosecution.

[3] Henry B. Smythe and Judge Sidney Floyd have previously been dismissed from this action.

be granted and bringing suit against individuals who are immune from suit.

I.      Hodges and Condon.

The plaintiff alleges these defendants did not take action to correct the conspiracy against him. Neither Hodges nor Condon were involved in the criminal prosecution against the plaintiff. Magistrate Judge Marchant correctly held that the doctrines of vicarious liability and respondent superior are not applicable in section 1983 actions. "[L]iability under section 1983 will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the respondent's rights[;] the doctrine of respondent superior has no application under this section." Vinnedge v. Gibbs, 550F.2d 926, 929 (4th Cir. 1977). The plaintiff makes no further allegations implicating either of these defendants in a section 1983 action.

Magistrate Judge Marchant also correctly found that the plaintiff fails to allege elements necessary to state a claim under section 1985 and his conclusory allegations are not sufficient to allege a violation of section 1985. Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995). Rather, a plaintiff must prove:

> (1) a conspiracy of two or more persons, (2) who are motivated by specific class based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in an injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

Id at 1376. The plaintiff does not allege facts showing a racially motivated conspiracy in his action. In addition, a failure to state a claim under section 1985 precludes an action under 1986. 42 U.S.C. §1986; Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1088 (2d Cir. 1993). The plaintiff also fails to state a claim under section 1987. This statute provides for the federal arrest and prosecution of persons who violate certain civil rights statutes. 42 U.S.C. §

1987; <u>Culler v. South Carolina Dept. Soc. Sec.</u>, 1984 WL 947, * 3 (D.S.C. 1984).

Moreover, a plaintiff bringing an action for fraud in South Carolina must allege the defendant made a false representation to the plaintiff. <u>Kahn Constr. Co. v. South Carolina National Bank of Charleston</u>, 271 S.E.2d 414, 415 (S.C. 1980). The plaintiff makes no allegations indicating that Condon or Hodges made a false representation to him.

II.     Maynard and Catoe

Magistrate Judge Marchant correctly recommends dismissing the plaintiff's claims against these defendants. The plaintiff alleges the defendants forced him to work in prison without pay. The defendants cannot be held liable for confining the plaintiff in compliance with a judicial order. <u>McCray v. Maryland</u>, 456 F.2d 1, 5 (4th Cir. 1972). Moreover, prison officials may compel inmates to work for no pay without violating rights afforded by the Thirteenth Amendment. <u>Ray v. Mabry</u>, 556 F.2d 881, 882 (8th Cir. 1977); <u>see also</u> <u>Wendt v. Lynaugh</u>, 841 F.2d 619, 620 (5th Cir. 1988)("when a person is convicted and sentence in accordance with the law, no issue of involuntary servitude exists.").

III.  Livingston, Pratt, Sanders, and Wilson.

The plaintiff alleges Pratt, Sanders, Wilson, Judge Sidney Floyd and all members of the South Carolina bar conspired to conceal the fraud committed by Officer Livingston when he falsely arrested the plaintiff. Magistrate Judge Marchant correctly held these conclusory allegations are insufficient to state a claim against any of these defendants.

The plaintiff bases this action on the reversal of his state court conviction. To state a claim for malicious prosecution, a plaintiff is required to set forth facts that the initiation of a criminal proceeding against him was done without probable cause. <u>Lambert v. Williams</u>, 223

F.3d 257, 260-61 (4th Cir. 2000); see also Truett v. Georgeson, 258 S.E. 2d 499 (S.C. 1979)( to maintain an action for malicious prosecution under South Carolina law, a plaintiff must show the defendant initiated the judicial proceeding without probable cause.).  The plaintiff does not allege that Officer Livingston, Sanders, or Wilson initiated the prosecution of him without probable cause.  See White v. Coleman, 277 F.Supp. 292, 297 (D.S.C. 1967)(although conviction was overturned on appeal, a prior jury verdict against plaintiff conclusively established probable cause to arrest).

In addition, prosecutors have absolute immunity from suit when deciding whether or not to go forward with a prosecution.  Pachaly v. City of Lynchburg, 897 F.2d 723 (4th Cir. 1990). The only involvement Wilson and Sanders have in this action is their prosecution of the plaintiff. Pursuant to Pachaley, the plaintiff's claims against Wilson and Sanders cannot stand.

Furthermore, an attorney retained, court appointed, or who is a public defender does not act under the color of law, which is a jurisdictional prerequisite to an action under section 1983. Deas v. Potts, 547 F.2d 800 (4th Cir. 1976)(private attorney); Hall v. Quillen, 631 F.2d 1154, 1155-1156 n. 2-3 (4th Cir. 1980)(court appointed attorney); and Polk County v. Dodson, 454 U.S. 312, 325 (1981)(public defender).  A plaintiff may show a private individual acted under the color of law if the individual was a willful participant in a joint action with the state or an agent of the state.  Dennis v. Sparks, 449 U.S. 24, 27-28 (1980).  The plaintiff's conclusory allegations that Platt conspired with the other defendants to deprive him of his right to due process and to maliciously prosecute him, however, are not sufficient to show Pratt was acting under the color of state law.

Finally, the section 1985, 1986, and 1987 claims against these defendants should be

dismissed. As explained above, the plaintiff has failed to allege the elements required to state a claim under section 1985. See Simmons, 47 F.3d at 1377 (4th Cir. 1995). The plaintiff's conclusory allegations that the defendants conspired to commit fraud against him, falsely arrest him, and deprive him of due process are not sufficient to state a claim under section 1985. Id. Moreover, for the same reasons stated above, the plaintiff fails to state claims under section 1986 and 1987. Magistrate Judge Marchant correctly recommends dismissing these defendants from this action.

Accordingly, the Court adopts the report and recommendation. The Court therefore dismisses this action.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

August 2, 2005
Charleston, South Carolina